OPINION OF THE COURT
Lawrence E. Kahn, J.
This CPLR article 78 proceeding seeks to annul a determination by the New York State Department of Taxation and *911 Finance which, after a full hearing mandated by Civil Service Law § 75, determined that petitioner was guilty of misconduct.
The Hearing Officer, "based on the entire Record of the proceeding and all of the evidence contained therein,” made certain findings and recommendations which were ultimately accepted by respondent and resulted in petitioner being suspended without pay for three days with an official letter of reprimand.
The proceeding shall be transferred to the Appellate Division for hearing and determination (CPLR 7804 [g]). Chapter 575 of the Laws of 1990 amended the statutory provisions relating to transfer of CPLR article 78 proceedings to the Appellate Division to make it clear that where a substantial evidence issue is raised, Supreme Court would only dispose of other objections which would result in a complete termination of the proceeding such as lack of jurisdiction, Statute of Limitations or res judicata. "Transfer of substantial evidence cases to the Appellate Division is premised on the fact that in such cases there has already been a plenary hearing before an administrative agency, giving rise to a full record, and that review of that record should be the responsibility of an appellate-level court * * * [T]his procedural arrangement is desirable from the standpoint of effective court administration and judicial economy.” (Mem of Off of Ct Admin, 1990 McKinney’s Session Laws of NY, at 2935.)
In the case at bar, respondents have answered the petition and submitted a full record without raising any threshold objections in point of law such as Statute of Limitations, etc. Accordingly, and in keeping with the intent of the amendments to CPLR 7804 (g), the matter shall be transferred to the Appellate Division.